REDMANN, Chief Judge.
The issue on this appeal is whether a landowner can recover damages from a contiguous landowner because of the latter’s removing a fence erected by their common ancestor in title. Plaintiff bought from the common ancestor in 1963 when the ancestor owned both properties and the fence existed; and the ancestor sold to plaintiff by description “in accordance with” an attached survey that showed that the fence lay precisely along one 55-foot boundary of the land. Defendant bought in 1976, and the ancestor sold to him with survey (by the same surveyor) that showed that the fence lay not along the boundary but one to two feet on the land sold to defendant.
During plaintiff’s absence defendant removed not only the 55-foot fence that the ancestor had had but also one side of a large rectangular fenced dog pen plaintiff erected about six inches from the 55-foot fence. The trial court awarded a fourth of the cost of the rectangular dog pen but nothing for the 55-foot fence, reasoning that plaintiff had not proven his ownership.
Plaintiff appeals and we reverse.
The showing of ownership is plaintiff’s deed of purchase, which is silent about the fence but which describes the land “in accordance with” the attached survey, and the survey does show the fence as located on the boundary line. Perhaps more important, it shows that the fence is part of a complete inclosure of a quandrangular tract (divided in the survey into Lots A, B, and C) that includes the land sold to plaintiff (Lot B) and does not include the uninclosed land on the other side of the fence (although that land, too, was then owned by the common ancestor in title). We conclude both that the fence was the boundary of plaintiff’s land and that it constituted a common boundary inclosure belonging to the two adjoining landowners in common.
Plaintiff’s vendor could not, by proving that the fence shown as a boundary on the survey was one to two feet further than the distances from road to fence given on the same survey, have established that the *1272 boundary resulting from her sale to plaintiff was the mathematical line established by those measurements rather than the fence. The description in the sale must be construed “in favor of the vendee and against the vendor as to the extent of the property conveyed.” Texas Company v. O’Meara, 228 La. 474, 82 So.2d 769, 779-789 (1955). The title from a common owner most ancient in date prevails, and in determining boundary lines artificial monuments (such as a fence) must prevail over distances and courses. Dufrene v. Bernstein, 190 La. 66, 181 So. 859 (1938); Administrators of Tulane Ed. Fund v. Stair, 148 La. 11, 86 So. 595 (1920). The fence is therefore, as shown on the survey, the boundary of plaintiff’s land.
Moreover, the fact that plaintiff’s land was part of a tract inclosed by the fence obliges the conclusion that by his deed from the common ancestor plaintiff became at least an owner in common of the fence with the ancestor (who, we repeat, owned the adjoining land). The law is contained in C.C. (1870) 687 and 688 (prior to their revision in La.Acts 1977 No. 514).
Art. 687. In the country the common boundary inclosures between two estates are made at the expense of the adjacent estates, if the estates are inclosed; otherwise, the estate which is not inclosed is not bound to contribute to it.
Art. 688. Every fence, which separates rural estates, is considered as a boundary inclosure, unless there be but one of the estates inclosed, or unless there be some title or proof to the contrary.
Because of the silence of the deed about ownership of the fence, art. 688 must govern. If the common ancestor had not owned the adjoining land, anyone who bought the entire inclosed tract would be presumed to be the sole owner of the fence because of the fact that the adjoining tract was not itself inclosed. By the same reasoning one who (like plaintiff) purchased part of the inclosed tract up to the fence would also be presumed to be the sole owner of the fence constituting his boundary. But, reverting to art. 687, from the fact that the common ancestor owned the land on both sides of the fence it must be supposed that her payment for the fence was not an act exclusively in her capacity of owner of the inclosed portion of her land but as owner of both inclosed and unin-closed land; the owner of the adjoining “estate which is not inclosed,” although by art. 687 “not bound to contribute to” the cost of the common boundary inclosure, in fact did contribute to it. We therefore conclude that the fence constituted a co-owned, “common boundary inclosure” within art. 687. The common ancestor in title therefore could not have demolished the fence without plaintiff's consent, and defendant, as that ancestor’s later vendee, had no right to do so.
Plaintiff is entitled to the restoration of the 55-foot fence at its original location. Because, however, the fence will remain a fence in common, we cannot award the cost of replacement of the fence without obliging plaintiff to reconstruct the fence. The record would permit only a rough estimate of that cost in any event, and we therefore deem the following judgment appropriate under C.C.P. 2164.
The judgment appealed from is amended to cast defendant for the reasonable cost of replacing the 55-foot fence with similar materials and at its same location, and the matter is remanded to the trial court for establishment of that cost by reasonable contract between plaintiff and an appropriate contractor, for the benefit of plaintiff and defendant, to reconstruct the fence of similar materials at its original location. Defendant is to pay all costs.